IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN BALTIMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FINANCIAL CREDIT SERVICE, INC. | ) |
| d/b/a ARA INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, DAWN BALTIMORE, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, FINANCIAL CREDIT SERVICE, INC. d/b/a ARA INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DAWN BALTIMORE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hagerstown, County of Washington, State of Maryland.

5. The debt that Plaintiff, husband, Ronald Baltimore, was allegedly obligated to pay was a debt allegedly originally owed by Mr. Baltimore to Citibank. (hereinafter, "the Debt").

6. The debt that Mr. Baltimore allegedly owed Citibank was for a credit card, on which charges were incurred primarily for the personal use of Mr. Baltimore and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Mr. Baltimore and also from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Defendant made attempts to collect the debt from Plaintiff.

10. FINANCIAL CREDIT SERVICE, INC. d/b/a ARA INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Maryland. Defendant is incorporated in the State of Illinois.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

16. On or about February 18, 2014, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff or her husband to Citibank.

17. On or about February 18, 2014, during the course of a telephone call between Defendant and Plaintiff, Defendant began to argue with Plaintiff regarding the payment of the debt.

18. During the course of the aforesaid conversation Defendant stated to Plaintiff that she was "angry because your husband is getting sued by us."

19. The aforementioned representation had the effect of conveying to an unsophisticated consumer that a lawsuit was currently pending against her husband.

20. Defendant's representations, as delineated above, were false, deceptive and misleading given that, as of the date of that communication, no lawsuit had been filed against Plaintiff's husband.

21. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that there was no lawsuit pending against Plaintiff's husband.

22. In its attempts to collect the debt allegedly owed by Plaintiff to Citibank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAWN BALTIMORE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DAWN BALTIMORE**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Dated: April 25, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601

Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com